TAYLOR *vs.* DRANE.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE JUDGE THEREOF PRESIDING.

An endorser cannot attach property of the maker of a note not yet due, on the ground that he endorsed as surety, and that the latter is about to remove with his property permanently from the state, before the note becomes due.

This is not a proper case for attachment, as the plaintiff does not show an existing debt due to him by the defendant, nor an absolute liability incurred as surety.

This suit commenced by attachment. The plaintiff alleges he endorsed a note as surety for the defendant, who is the maker thereof for two thousand four hundred dollars, dated in March, 1828, and payable one year thereafter, at the office of the Clinton and Port Hudson Rail Road Company, at Jackson, in this state.

He further alleges, that the defendant is about to remove with his property, permanently from the state, before said note becomes due, without leaving in it sufficient to pay the same at maturity; wherefore he prays for an attachment against the property of the defendant, to be held as an indemnity, to secure him against his endorsement, in an amount sufficient to meet the note when it becomes due, for the payment of which he is personally liable. He prays for general relief.

At the foot of the petition the plaintiffs swears, "that the facts set forth are true; that he did endorse said note as surety; that the drawer is about to quit and leave the state forever, and to remove his property without the same, before the time when said note will become due, and that this affiant expects to have to pay the same."

The defendant excepted to the proceedings, and averred that the matters set forth were *untrue*; and even if they were true, they were insufficient to authorize an attachment. He prays that the petition and attachment be dismissed.

On hearing the case on these exceptions, the district judge sustained the second exception, and dismissed the attachment. The plaintiff appealed.

*Lyons,* for the plaintiff.

The question involved in this case is: can the endorser of an accommodation note in bank, have the remedy of attachment against the drawer, *prior* to the maturity of the note, when the drawer is about to remove himself and his property out of the state, and where it appears almost reduced to a certainty, that the endorser will have the note to pay?

The main ground taken by the court below, and upon which the attachment was ordered to be dismissed, was, that

EASTERN DIST. there was no indebtedness between the drawer and endorser;
January, 1839. and that such indebtedness could only take place upon the
happening of a future uncertain event, as protest, notice, etc.
In this, the court below erred: Because,

TAYLOR
vs.
DRANE.

2. There is a species of relationship of debtor and creditor existing between the drawer and endorser of such a note; for the drawer procures the money upon the faith of the endorser's signature, on which the bank in most cases mainly relies. The bank *would*, probably, never have recourse to any conservatory process against the drawer; the court below says the endorser *can* not, and thus he would be left without protection through the bank, and unable to protect himself. A wrong without a remedy.

But the conservatory process of injunction, lies to prevent any act, which if consummated, would afford ground for a claim to damages. (See *Carraby et al.* vs. *Morgan*, 5 *Martin, N. S.*, 501.) And why should not this plaintiff hold the property of defendant (upon the faith of which he probably endorsed his note) under attachment, to prevent the damages which it and its owner's removal from the state must necessarily cause?

3. If then the drawer of the note stands in the relation of debtor to the endorser, has he not a right to have an attachment, as on a debt or *obligation* not yet due. (See *act of 7th April*, 1826, section 7.)—*word "obligation."*

*Sterrett* and *Boyle, contra.*

*Bullard, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment dissolving his attachment. He sues for an indemnity, alleging that he is the endorser of the defendant on his promissory note, negotiated to the bank in Clinton, but not yet due; and that the maker is about permanently to remove from the state, and to take away his property.

We concur with our learned brother of the District Court, that this is not a proper case for attachment. The affidavit is insufficient, in our opinion. It does not show an existing

debt due to him by the defendant, nor an absolute liability <span>Eastern Dist.</span> yet incurred as surety.                    *January*, 1839.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.